SMALLEY *v.* CENTRAL TRUST AND SAVINGS COMPANY.

[No. 10,181.   Filed January 27, 1920.]

1. INFANTS.—*Married Women.*—*Husband of Full Age.*—*Guardian-
ship.*—An infant married woman cannot have a general guardian
when her husband is of full age. p. 301.

2. INFANTS.—*Making and Withdrawing Deposits of Money.*—A
minor, in absolute and lawful possession of money as her own
property, whether from the proceeds of settlement with her
guardian, as compensation for services rendered, or from any
other lawful source, may lawfully put it into a bank or other
place for safekeeping and reclaim it at any time, even though
yet a minor, and the person or institution repaying it to her,
assumes no risk in so doing. p. 301.

3. INFANTS.—*Deposit of Money.*—*Withdrawal by Checks Given to
Husband.*—*Settlement with Husband During Majority.*—*Election.*
—An infant married woman who withdraws her money from bank
on checks furnished to her husband, signed by her in blank, can-
not disaffirm the withdrawal of her money, where, after attain-
ing her majority, she, knowing all the facts, made a settlement
with her husband, receiving therein a sum of money "in full
satisfaction of any and all sums of money had and received from
her" by him, such conduct amounting to an election to ratify and
admit the withdrawals. p. 301.

From Delaware Circuit Court; *Luther F. Pence,* Special Judge.

Action by Bertha M. Smalley against the Central Trust and Savings Company, Newcastle, Indiana. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Joshua H. Allen* and *Koons & Koons,* for appellant.

*N. Guy Jones* and *Forkner & Forkner,* for appellee.

Nichols, C. J.—This action was by appellant against appellee, to recover $1,600 which had been deposited by her when a minor with appellee, and paid out by appellee on checks issued by appellant. The pleadings consisted of a complaint, nine paragraphs of answer, and ten paragraphs of reply, with motions and demurrers.

All questions presented by the pleadings, and necessary to this decision, are presented by the court's special findings of fact and conclusion of law, which in substance are as follows: On February 8, 1911, appellant was over eighteen years of age, and under twenty-one years of age, and was married to Everett Smalley, who was over twenty-one years of age. Appellant and her husband were then living together, and so continued for several months thereafter. Appellant was not then or thereafter under guardianship. On said date she was in possession of $1,600 which was her own property, and deposited it with appellee subject to check, and with said money opened a checking account with appellee, at which time appellee furnished appellant with a pass book showing such deposit duly credited thereon, and furnished her with blank checks to use in checking against said deposit. On February 9, 1911, appellant executed her check

in blank, by signing her name to a blank check on appellee's bank, leaving the name of the payee and the amount blank, and delivered such check to her husband, with authority and permission to write the name "Everett Smalley" as payee, and the words and figures $160 in the blank for amount. On said day said Everett Smalley presented said check so executed by appellant in blank to the president of appellee at its bank and place of business in the city of Newcastle, Indiana, and instructed and directed said president to write the name of "Everett Smalley" in the space for payee, and the words and figures $225 in the space for amount, all of which said president did, whereupon said Smalley indorsed his name on the back of said check, and appellee by its president paid to said Smalley the amount of said check, to wit, $225. On February 17, 1911, appellant executed another check in blank, the same as the first one, and delivered it to her husband, who took the same to the Mooreland State Bank, at Mooreland, Indiana, and directed the officer in charge of said bank to write the name of "Everett Smalley" in the space for payee, and the words and figures $1,375 in the space for amount of such check, which such officer did; whereupon said Smalley indorsed said check across the back thereof, and deposited it to his own credit, in said Mooreland State Bank, and he was given credit therefor by said Mooreland State Bank. Said Mooreland State Bank indorsed said check in due course of business, and forwarded it to the Citizens State Bank of Newcastle, Indiana, which, in turn, indorsed it and presented it to appellee, who paid it and received such check from the Citizens State Bank. Soon thereafter, appellant learned that appellee had so deposited said $1,375 to his own credit, but made no

objection thereto. At said time she was living with her husband and their relations were harmonious and friendly. In May, 1911, appellant visited the bank of appellee, and procured her pass book to be balanced, which was done, showing all of her deposit checked out, at which time there was delivered to her the checks hereinbefore mentioned. She received such pass book, so balanced, and said checks, without protest on account of the checks or the payment thereof. Said husband, from time to time, drew small checks against said deposit in the Mooreland State Bank, and about August 5, 1911, he withdrew the entire balance of said deposit, deserted his wife, and absconded from the State of Indiana. Said checks upon appellee were the only demands in writing by check or otherwise made by appellant for said money so deposited by her with appellee, either before or after the bringing of this suit, but her attorney, before bringing this suit, demanded an accounting, which was refused, and appellee at said time denied all liability. At the April term, 1913, of the Henry Circuit Court appellant commenced an action, by her next friend, against appellee for the recovery of said $1,600, which action was dismissed by appellant before any trial or hearing was had. Appellant on August 16, 1911, filed in the Henry Circuit Court her affidavit against her said husband charging him with wife desertion. On August 4, 1914, one George Mahoney filed in said court his affidavit charging said husband with the larceny of appellant's money. On January 1, 1914, appellant filed in said court her affidavit charging her said husband with child desertion. On proper writs, said husband was arrested in the state of Ohio, and returned to Henry county, Indiana, where, in default of bail, he was committed to jail,

pending the trial of the charges against him. During the pendency of said criminal proceedings appellant filed in said court her complaint against her said husband for divorce, charging desertion, and non-support of wife and child, and adultery, and praying a divorce, the custody of the child, and all other proper relief. During the pendency of such divorce and criminal proceedings she entered into an agreement with her said husband by the terms of which, in consideration of the payment to her of $800, the receipt of which was acknowledged, she agreed that said criminal charges should be dismissed, and that no other charges growing out of the relations of the parties should be instituted, and that she received said sum in full satisfaction for any and all sums of money had and received from her by her said husband, and any and all claims for alimony and support of child. At the time of filing said action for divorce, and at the time of receiving said sum of $800 and of executing said agreement, and at the time of the commencement of this action, appellant was of the full age of twenty-one years. Appellee, in receiving and paying the checks involved, acted in good faith, in regular and due course of its business, relied upon the signature to such checks, and without any notice or knowledge of fraud or deception practiced upon appellant by her said husband. After the execution of said agreement, appellant prosecuted her action for divorce to final judgment, and was granted a divorce. On these facts the court concluded that the law was with appellee, that appellant take nothing and that appellee recover costs.

After appellant's motion for a new trial, which was overruled, judgment was rendered for appellee, in harmony with the conclusion of law, from which judg-

ment appellant prosecutes this appeal.    We only need to consider the assignment of error that the court erred in its conclusion of law.

Under the law of this state, appellant, by her marriage, was emancipated from guardianship, and at the time of the transactions complained of she had 1-3. no guardian and could have none.    It is not disclosed by the findings, or by the evidence whether she had received the money involved from her guardian in settlement.    Certainly she could have lawfully so received it.    From whatever source it was received, it was her own property, and under her own control.    What should she have done with it?    Should she have kept it on her person and dealt it out from time to time as necessity required, or should she have deposited it in a reputable banking institution until she required it?    All are ready to say that this latter course was the sensible one for her to pursue.    But, if appellant's contention is correct, she could not so deposit her money except at the risk of the bank refusing to repay it to her, until she is twenty-one years of age, and the bank would have been fully justified in so refusing, for any payment to her or to her order would have been at its peril.    It would have assumed the risk that at her majority she would disaffirm the payment, and demand her money again.    It is the common practice of banking institutions to accept the deposits of minors, sometimes of children, of their earnings, for Christmas saving, or for the purpose of accumulating for some other definite purpose, or as a means of training such depositors in habits of frugality.    But if such deposits cannot be repaid to the minor depositors until they have reached their majority, then such banking business must of necessity end, for the banks cannot afford to assume the risk.

Appellant must fail in her contention. We hold that when appellant deposited her money in appellee's bank, as she had a lawful right to do, the relation of debtor and creditor between the appellee and appellant was created, that appellant had a right to her money again, that it was the duty of appellee to restore it to her, upon a proper check or demand, and that the bank assumed no liability in so doing. *Hobbs* v. *Godlove* (1861), 17 Ind. 359, 362. We do not by this decision disturb the general rules of law as to the validity of contracts of minors.. We do hold, however, that where a minor is in absolute and lawful possession of money as her own property, whether from the proceeds of settlement with her guardian, as compensation for services rendered, or from any other lawful source, puts it in a bank, or other place of safe keeping, rather than to carry it on her person, she has a right to reclaim it at any time, even though she is yet a minor, and the person or institution so paying it to her assumes no risk in so doing. Appellant admits that she signed said checks, and delivered them to her husband, thereby enabling him to receive all of her money from appellee, who dealt with her through him, in good faith, and without any knowledge of any deception practiced or to be practiced upon her by him. Afterward, and when she was of full age, and when she knew all the facts, she ratified the transaction, by a settlement with her husband, receiving from him $800 "in full satisfaction of any and all sums of money had and received from her by her said husband." Having once received "full satisfaction," from the one who justly owed her, she must not now be permitted to disaffirm the transaction and recover again from appellee. Having elected to ratify the transaction,

admitting in the settlement that her husband had received the money from her, she cannot now be heard to say that appellee still holds it. This is in harmony with the general doctrine of election. *Strosser* v. *City of Fort Wayne* (1885), 100 Ind. 443, 452; *American Car, etc., Co.* v. *Smock* (1911), 48 Ind. App. 359, 91 N. E. 749, 93 N. E. 78. Appellant has been wronged, but not by appellee.

The judgment is affirmed.